IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JEFFREY GUY LONG ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 04-BE-1111-S |
| ) | |
| THE RAYMOND CORPORATION, et. al., ) | |
| ) | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

Currently pending before the court is plaintiff Jeffrey Guy Long's motion to remand (doc. # 10) this case to the Circuit Court of Jefferson County, Alabama, Bessemer Division. Long, an Alabama resident, filed this lawsuit on April 19, 2004 against defendants Amerisource Corporation,[1] Raymond Corporation, Carolina Handling, and individual defendant Richard Roper. Among the four defendants, Roper is the only Alabama resident and consequently, his presence in the lawsuit potentially defeats this court's diversity jurisdiction.

Long's complaint alleges claims under Alabama Workers' Compensation Laws,[2] the Alabama Extended Manufacturer's Liability Doctrine, as well as various claims for negligence, wantonness, and breach of warranty. The plaintiff's claims relate to a work-

---

[1]Improperly designated in the complaint as Amerisourcebergen Drug Corporation.

[2]Under 28 U.S.C. § 1445(c), state law worker's compensation claims are not removable to federal district court.

related injury that, according to the plaintiff, caused broken bones, bruises and contusions, made him sick and sore, and forced him to undergo extensive surgeries. Long further alleges that his workplace injuries caused permanent physical impairment and caused him to suffer loss of income and earning capacity.[3] Plaintiff also demands compensatory damages, punitive damages, attorney's fees, interests, and costs.[4] However, the complaint's *ad damnum* clause does not request a specific amount of compensatory or punitive damages and but asks that a jury award "an amount to be determined and assessed by a jury, including compensatory damages, punitive damages, attorney fees, interest and costs of this action."

The defendants removed this case to federal court on May 28, 2004 invoking the court's diversity jurisdiction under 28 U.S.C. §1332 and asking the court to sever the worker's compensation claims. The defendants concede that the plaintiff's worker's compensation claims are not removable pursuant to 28 U.S.C. § 1332. However, they ask this court to assert diversity jurisdiction over the plaintiff's claims for negligence, wantonness, breach of warranty, and under the Alabama Extended Manufacturer's Liability Doctrine. Lastly, the defendants contend that Roper, as the only non-diverse defendant, has been fraudulently joined and that his citizenship should be disregarded for purposes of evaluating this court's diversity jurisdiction.

The assertion of fraudulent joinder is based on the defendants' contention that Roper

---

[3]*See* Compl., ¶ V-X.

[4]*Id.*

had no involvement in the actions alleged in the complaint. Based on this premise, the defendants argue that no possibility exists that the plaintiff can prove a cause of action against Roper. Roper filed a separate motion to dismiss (doc. # 5 ) adopting the above-referenced fraudulent joinder argument.

In their notice of removal, the defendants cite cases from various Alabama courts in products liability and personal injury cases where compensatory and punitive damage awards exceeded the jurisdictional minimum. Based on alleged similarities between this case and the ones cited in the removal petition, the defendants argue that they have satisfied their burden of proving by a preponderance of the evidence that the amount in controversy is likely to exceed the jurisdictional minimum. In the alternative, defendants suggest that the plaintiff's failure to stipulate that his claims would not exceed the amount in controversy definitively establishes the existence of the jurisdictional minimum in this case.[5]

On October 6, 2002, Long filed a motion to remand (doc. # 10) the case to the Circuit Court of Jefferson County, Alabama, Bessemer Division. Long's motion to remand challenges the defendants' ability to establish by a preponderance of the evidence that, if successful, the plaintiff would receive a verdict for compensatory or punitive damages in excess of $75,000. According to the plaintiff, the cases cited by the defendants in their notice of removal are not sufficiently similar to permit the court to conclude by a preponderance of

---

[5]*See* Response to Motion to Remand, p. 6.

the evidence that the jurisdictional minimum would be satisfied in this case.[6] Long advocates a restrictive approach that would require removing defendants to provide the court with comparator cases that are factually similar to the ones at issue in this case, that originated in the same county where the lawsuit was initially filed, and that are factually similar to the facts alleged in the removed case. *See Lowe's OK'd Used Cars, Inc. v. Acceptance Ins. Co.*, 995 F. Supp. 1388, 1392 (M.D. Ala. 1998) (holding that decisions rendered in similar cases that resulted in liability in excess of the jurisdictional amount could be used by removing party to defeat remand).

Based on its review of the record and the parties' arguments, the court concludes that the plaintiff's motion to remand his claims for negligence, wantonness, breach of warranty, and under the Alabama Extended Manufacturer's Liability Doctrine is due to be DENIED. The defendants have offered sufficient evidence to establish satisfaction of the jurisdictional minimum by a preponderance of the evidence. The court pretermits discussion of the fraudulent joinder issue raised by the defendants' notice of removal given the plaintiff's concession that Richard Roper should be dismissed from this lawsuit and "could be reinstated at a later time if discovery reveals that he had some connection with the events underlying this case." *See* Motion to Remand, p. 8. However, in a separate order, the plaintiff's worker's compensation claims will be remanded to the Circuit Court of Jefferson County, Bessemer Division, pursuant to 28 U.S.C. § 1445(c).

---

[6]*Id.* at 7-8.

## II. STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction and are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution." *University of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (citing *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). When the parties disagree on the court's jurisdiction, questions or doubts are to be resolved in favor of returning the matter to state court on a properly submitted motion to remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

Furthermore, removal statutes are to be narrowly construed. "Defendant's right to remove and plaintiff's right to choose his own forum are not on equal footing; for example, unlike the rules applied when the plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are to be construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Id.* at 1095. Consequently, the defendant bears the heavy burden of demonstrating that removal is jurisdictionally proper. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Within these parameters, the court examines the parties' respective arguments.

### III. ASSESSMENT OF THE AMOUNT IN CONTROVERSY

The federal court's removal jurisdiction is controlled by 28 U.S.C. § 1441, which provides, in relevant part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States . . .." In a case like this one where the amount of damages are unspecified,[7] a defendant must prove by a preponderance of the evidence that the plaintiffs would recover more than $75,000 if they prevailed in the lawsuit. *See Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-7 (11th Cir. 1996), *rev'd on other grounds by Cohen v. Office Depot,* 204 F.3d 1069 (11th Cir. 2000). Furthermore, in cases where the jurisdictional amount is not facially apparent from the complaint, a reviewing court may consider the following in assessing whether a defendant has satisfied its burden of proving the jurisdictional minimum: (1) information contained in the notice of removal, *see Williams*, 269 F.3d at 1320; (2) evidence not contained in the notice of removal but which relates to facts present at the time of removal, *see Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 947-8 (11th Cir. 2000); and (3) the value of a claim for punitive damages "unless it is apparent to a legal certainty that such cannot be recovered." *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531 (11th Cir. 1987)).

Given the parties' arguments, removal jurisdiction in this case depends on whether the putative compensatory and punitive damage awards in this case will satisfy the jurisdictional

---

[7]Alabama law permits an unspecified request for monetary relief. *See Page v. Camper City & Mobile Home Sales*, 297 So. 2d 810 (Ala. 1974).

minimum. After careful review of the record in this case, the court concludes that the defendants have satisfied their evidentiary burden of establishing the jurisdictional minimum by a preponderance of the evidence. In addition to the comparator cases cited in the removal petition where compensatory and punitive damage awards exceeded the jurisdictional minimum, the court considers the number and nature of the claims alleged in the complaint. Specifically, Long asserts six separate counts, ranging from negligence, wantonness, and breach of warranty;[8] alleges that he has suffered a permanent physical impairment requiring extensive surgeries and rehabilitative physical therapy; and seeks the imposition of unlimited and unquantified punitive damages. *See Bullard v. City of Cisco*, 290 U.S. 179 (1933) (holding that value of claims alleged by the defendant can be aggregated in evaluating satisfaction of the jurisdictional minimum); *Holley Equip. Co.*, 821 F.2d at 1535 (holding that unlimited demands for punitive damages must be taken into account when evaluating the amount in controversy); *Tapscott*, 77 F.3d at 1356-7 (holding that, when the plaintiff alleges an unspecified amount of damages, the defendant has only to prove the jurisdictional amount by the preponderance of the evidence).

Based on the information contained in the notice of removal and the allegations contained in the complaint, the court concludes that the defendants have offered sufficient evidence to establish satisfaction of the jurisdictional minimum by a preponderance of the evidence. Accordingly, the plaintiff's motion to remand (doc. # 10) the claims for negligence,

---

[8]In making this assessment, the court does not include the value of the plaintiff's worker's compensation claims that, pursuant to statute, must be remanded to state court.

wantonness, breach of warranty, and these claims under the Alabama Extended Manufacturer's Liability Doctrine is DENIED. In a separate order, the plaintiff's worker's compensation claims will be severed and remanded to the Circuit Court of Jefferson County, Bessemer Division under 28 U.S.C. § 1445(c).

DONE and ORDERED this the 23rd day of November, 2004.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE